# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20700

United States Court of Appeals
Fifth Circuit

**FILED**

November 8, 2019

Lyle W. Cayce
Clerk

ARIANA M.,

      Plaintiff - Appellant

v.

HUMANA HEALTH PLAN OF TEXAS, INCORPORATED,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:14-CV-3206

Before CLEMENT, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:*

## Background

This is the second time that this case has reached the Fifth Circuit. Our previous opinion in *Ariana M. v. Humana Health Plan of Texas, Inc.*, 884 F.3d 246 (5th Cir. 2018) (en banc) ("*Ariana M. I*"), and the district court's Memorandum and Opinion from which plaintiff Ariana M. now appeals discuss the case's facts at length, so we will provide only a brief summary.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20700

Ariana was partially hospitalized to treat an eating disorder. Her health-plan administrator, Humana Health Plan of Texas, Inc., approved benefits for 49 days of partial hospitalization, but denied benefits for additional days after concluding that Ariana's continued hospitalization was not "medically necessary." Despite Humana's decision, Ariana remained partially hospitalized for another 106 days.

Ariana then sued Humana under 29 U.S.C. § 1132(a)(1)(B), alleging that Humana wrongfully denied her benefits for the additional 106 days. The district court concluded that Humana had not abused its discretion in denying coverage for continued hospitalization and granted Humana summary judgment. After a panel of this court affirmed the district court's judgment, this court agreed to rehear the case en banc. *See Ariana M. v. Humana Health Plan of Tex., Inc.*, 869 F.3d 354 (5th Cir. 2017). A majority of the en banc court concluded that the district court should have reviewed Humana's denial of benefits de novo, so the court vacated the district court's judgment and remanded the case for the district court to review it under the proper standard. *See Ariana M. I.*, 884 F.3d at 257.

On remand, the district court reviewed the denial of benefits de novo, concluded that Humana had not erred, and granted Humana summary judgment. Ariana nonetheless filed a petition for attorneys' fees under 29 U.S.C. § 1132(g), arguing that her success in convincing this court to change the standard of review and remand her case to the district court entitled her to attorneys' fees regardless of whether she ultimately prevailed on her claim for benefits. The district court denied her fee petition.

Ariana now appeals both the grant of summary judgment and the denial of attorneys' fees. Concluding that the district court did not err in either respect, we AFFIRM its judgment.

2

No. 18-20700

## Analysis

We review the district court's de novo review of the claims administrator's factual findings de novo.[1] *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014); *Ariana M. I*, 884 F.3d at 256. We review the denial of Ariana's fee petition for abuse of discretion. *N. Cyprus Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 485 (5th Cir. 2018).

Under the Humana plan, Ariana was eligible for partial hospitalization so long as it was "medically necessary." To assess medical necessity, Humana relied on the "Mihalik criteria," part of a set of guidelines published by a healthcare consulting firm.[2] After two board-certified psychiatrists reviewed Ariana's case and found several required criteria absent during the claimed treatment period, Humana found that partial hospitalization was not medically necessary for the final 106 claimed days.

After reviewing the record, we find that at least one of the Mihalik criteria had no factual support—an "individualized plan" that "specifies" "time frames" and "anticipated outcomes."[3] As such, Humana did not err in finding that the final 106 days of Ariana's partial hospitalization were medically unnecessary, and the district court correctly entered judgment for Humana. Given that this outcome-determinative finding is undisputed, we need not address whether the other Mihalik criteria were met.

---

[1] The district court had federal-question jurisdiction because this ERISA suit arises under 29 U.S.C. § 1132(a)(1)(B). Ariana appeals from a final judgment, so we have appellate jurisdiction under 28 U.S.C. § 1291.

[2] Ariana objects to Humana's use of the Mihalik criteria. The Humana plan requires that Humana assess medical necessity using nationally recognized standards of medical practice. But Ariana has not identified any evidence that the Mihalik criteria are inconsistent with these standards.

[3] In fact, Ariana's doctors affirmatively stated that there were "no specifics on [the] time frame" of her partial hospitalization, and the record shows that her entire treatment plan suffered from a general lack of specificity.

No. 18-20700

The fee petition presents a somewhat more challenging question. In an ERISA suit like this one, the district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The Supreme Court has held that, though a fee claimant need not qualify as a "prevailing party" to receive a fee award under this statute, the fee claimant must have "achieved some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244 (2010) (cleaned up). This requires more than "trivial success on the merits or a purely procedural victory," but does not require "lengthy inquiry into the question of whether a particular party's success was substantial or occurred on a central issue." *Id.* at 255 (cleaned up). The Supreme Court expressly declined to decide whether "a remand order, without more, constitutes 'some success on the merits.'" *Id.* at 256.

We conclude that the district court did not abuse its discretion in denying Ariana's fee motion. While an error of law does constitute an abuse of discretion, *LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Adm'rs Inc.*, 703 F.3d 835, 846 (5th Cir. 2013), we see no such error here. The district court described and applied the "some success on the merits" standard from *Hardt*. It noted that, unlike *Hardt*, the remand order here included no comment from the remanding court on the strength of the remanded claim. Securing a change in the standard of judicial review of Humana's factual determinations is certainly a procedural success, but it's not success on the merits of Ariana's benefits claim. *See Ariana M. I*, 884 F.3d at 257 ("A different standard of review will sometimes lead to a different outcome, but there will also be many cases in which the result would be the same with deference or without it. We give no opinion on which is the case here . . . .").

In reaching this conclusion, we express no opinion on the First Circuit's decision in *Gross v. Sun Life Assurance Co. of Canada*, 763 F.3d 73 (1st Cir.

2014). In *Gross*, a divided panel held that the plaintiff had achieved "some success on the merits" when a remand order provided her "some meaningful benefit" by favorably changing the standard of review. *Id.* at 79. The court noted that, though its order "refrained from expressing any view on the ultimate merits of [Gross's] claim," "the change in the standard of review has strengthened Gross's claim" by "increase[ing] the likelihood of a favorable benefits determination." *Id.* But the court also noted that the administrative record was "inadequate to permit [the court's] de novo judgment on [plaintiff's] entitlement to benefits." *Id.* at 75. The First Circuit "faulted [the plan administrator] for failing to provide its independent medical consultant with important background about [plaintiff's] circumstances on a critical surveillance day and for disregarding the consultant's observation" that the plaintiff should be reexamined. *Id.* at 76.

Here, by contrast, the en banc court passed no judgment on the process Humana used to evaluate Ariana's claim or whether Humana had failed to provide its independent reviewers with sufficient evidence. Even if the First Circuit was correct in finding "some success on the merits" in *Gross*, Ariana's case is distinguishable.

We therefore AFFIRM the judgment of the district court.